2009 BNH 032
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 09-11681-MWV |
| | Chapter 13 |
| Thomas F. DeSteph, | |
|    Debtor | |
| | |
| Thomas F. DeSteph, | |
|    Plaintiff | |
| | |
| v. | Adv. No. 09-1133-MWV |
| | |
| The State of Connecticut | |
| Department of Banking, | |
| Howard Pitkin, Commissioner, and | |
| Jesse Silverman, Staff Member, | |
|    Defendants | |

*Thomas F. DeSteph, pro se*

*Robert W. Clark, Esq.*
ASSOCIATE ATTORNEY GENERAL FOR
THE STATE OF CONNECTICUT
*Attorney for the State of Connecticut*

### MEMORANDUM OPINION

  The Court has before it the State of Connecticut Department of Banking, et al.'s (the "State of Connecticut" or the "State") motion to dismiss the complaint filed by Thomas F. DeSteph (the "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Plaintiff's objection thereto. In the complaint, the Plaintiff seeks damages for the willful violation of the automatic stay under 11 U.S.C. §362,[1] and violations of New Hampshire law pursuant to N.H. Rev. Stat. Ann. § 358-C. On November 10, 2009, the Court held a hearing on the motion and took the matter under advisement.

### JURISDICTION

  This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

The Plaintiff is in the business of offering financial advice and services and selling securities. The Plaintiff has conducted business in several states, including Connecticut. Prepetition, the State of Connecticut obtained a cease and desist order against the Plaintiff, which prohibited him from offering and selling unregistered securities, and acting as an agent of issuer absent registration. The cease and desist order stemmed from the State of Connecticut's investigation and hearing administered under the Connecticut Uniform Securities Act ("CUSA") on April 7, 2009. The State of Connecticut asserted claims for violations of the State's securities acts and noted that the banking commissioner may, in his discretion, order a fine for such violations. The action was pending when the Plaintiff filed for bankruptcy protection on May 6, 2009.

After commencement of his bankruptcy proceeding, the Plaintiff alleges that the State of Connecticut had continued to contact him regarding the pending action. As a result, the Plaintiff filed this adversary proceeding on August 4, 2009, seeking damages for the State of Connecticut's violation of the automatic stay under 11 U.S.C. § 362 and for violation of New Hampshire law under N.H. Rev. Stat. Ann. § 358-C. The State of Connecticut filed a motion to dismiss the complaint alleging that the State's pending action falls within the exception to the automatic stay under 11 U.S.C. § 362(b)(4), and that the Plaintiff and Defendant do not fall within the purview of N.H. Rev. Stat. Ann. § 358-C.

## DISCUSSION

Under Rule Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]"

LaChapelle v. Berskshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008).  "[Although] legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief.  Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 129 S.Ct. at 1950.  The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimaint is entitled to offer evidence to support the claims."  Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**I.      Section 362(b)(4): Exception to the Automatic Stay for Governmental Proceeding**

The bulk of the Plaintiff's complaint alleges that the State of Connecticut violated the automatic stay under 11 U.S.C. § 362 when the State continued to contact the Plaintiff after the Plaintiff filed for bankruptcy protection.  Section 362 provides that the filing of a bankruptcy petition operates as an automatic stay as to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor."  11 U.S.C. § 362(a)(1).  The automatic stay affords the debtor broad protection to ensure the equitable distribution of the debtor's assets and promote the bankruptcy code's policy of giving debtors a "fresh start."  McMullen v. Sevigny (In re McMullen), 386 F.3d 320, 324 (1st Cir. 2004).  However, the protection of the stay is not without limits, and § 362 provides certain exceptions to the automatic stay.

Under § 362(b)(4) the automatic stay does not operate against actions brought before government regulatory agencies to enforce its police or regulatory powers.  See 11 U.S.C. § 362(b)(4).  The purpose of this exception is to discourage debtors from abusing the bankruptcy process by using the bankruptcy court as a means to evade governmental efforts.  In re McMullen, 386 F.3d at 324.  Because the exception under § 362(b)(4) is to be narrowly construed, Corporacion de Servicios Medicos Hospitalarios de Fajardo v. Mora (In re Corporacion de Servicios Medicos Hospitalarios de Fajardo), 805 F.2d 440, 447 (1st Cir. 1986), the First Circuit has adopted a test to determine whether a proceeding falls within the exception.  The inquiry focuses on whether a particular governmental proceeding is "designed primarily to protect the public safety and welfare," or is pecuniary in nature.  In re McMullen, 386 F.3d at 325.  If the purpose of the governmental action is to protect the public, then the exception applies; if the purpose is pecuniary then § 362 operates to stay the proceeding.

The State of Connecticut's pending proceeding clearly falls within the exception under § 362(b)(4).  Under CUSA, the banking commissioner is permitted to conduct investigations into the violations of the Connecticut Securities Act.  Conn. Gen. Stat. Ann. § 36b-26(a).  Further, the applicable law expressly empowers the banking commissioner to order that the person cease and desist from violations and impose fines for the same.  Id. at § 36b-27(d).  The Court must next "inquire whether subsection 362(b)(4) contemplates that the state power . . . is designed to advance a sufficiently important public policy[.]" In re McMullen, 386 F.3d at 325.  "[W]here a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay."  H.R. Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5963, 6299; see also S. Rep. No. 95-989, at 52 (1978) (containing similar language); Cournoyer v. Town of Lincoln, 790 F.2d 971, 975-77 (1st Cir. 1986).

Here, the State of Connecticut alleges that the Plaintiff violated the State's securities laws by selling unregistered securities and acting as an agent without proper registration.  In an attempt to discipline

-4-

violators for such acts, protect investors from fraud, and deter others from doing the same, the banking commission enacted the proceeding against the Plaintiff.

Although it is conceivable that the State proceeding was commenced in "bad faith," the "bankruptcy court should not inquire into the 'legitimacy' of ongoing administrative enforcement proceedings in determining whether the police power exception applied[.]" Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.), 346 F.3d 1, 9 (1st Cir. 2003). Additionally, the fact that the State may impose fines does not necessarily prove that the State's aim is pecuniary. Punitive fines are imposed for a different purpose than compensatory damages. Punitive fines serve the purpose of punishment and deterrence, which support protecting of public safety and welfare. Sam Daily Realty, Inc. v. Department of Commerce and Consumer Affairs, State of Hawaii (In re Sam Daily Realty, Inc.), 57 B.R. 83, 85-86 (Bankr. D. Hawaii 1985); Granger v. Harris (In re Harris), 85 B.R. 858, 863 (Bankr. D. Colo. 1988). Moreover, the State of Connecticut has yet to impose a fine in the action against the Plaintiff. While the laws of Connecticut permit the imposition of fines in relation to violations of CUSA, it is not mandatory. See In re McMullen, 385 F.3d at 327 (noting that "mere 'possibility' that proceedings ultimately have some effect on the property of the bankruptcy estate does not make subject to automatic stay a proceeding which is otherwise exempt from stay under § 362(b)(4).") (citing Board of Governors of Federal Reserve System of the United State v. Mcorp Financial, 502 U.S. 32, 41 (1991)). Accordingly, the Court finds that the State of Connecticut's pending action falls within the exception enumerated under § 362(b)(4). Since the State's action could never, as a matter of law, constitute a violation of the automatic stay, the Plaintiff's claim under § 362 is dismissed under Rule 12(b)(6).

      II.      **Violation of New Hampshire Law § 358-C**

The Plaintiff's complaint also alleges that the State of Connecticut violated N.H. Rev. Stat. Ann. § 358-C. That statute provides that "[n]o debt collector shall collect or attempt to collect a debt in an unfair, deceptive or unreasonable manner as defined in this chapter." N.H. Rev. Stat. Ann. § 358-C:2. The Plaintiff claims that the State violated § 358-C by certain postings on the State's website. In order to properly plead a

cause of action under § 358-C, the movant must allege factual allegations indicating that a debt collector either collected or attempted to collect a debt. Under § 358-C:1, a "debt collector" is defined as "any person who . . . enforces or attempts to enforce an obligation that is owed or due, or alleged to be owed or due, by a consumer as a result of a consumer credit transaction[.]" Id. at (VIII). Since the Plaintiff is not a "consumer" with respect to the defendant, § 358-C:1(I), and the pending action does not involve a "consumer credit transaction," § 358-C:1(II), the Plaintiff has not met his burden indicating that the State of Connecticut is a "debt collector" under § 358-C. Further, the State of Connecticut has yet to even assess penalties. Additionally, assessing penalties is wholly different than collecting a debt, and the Plaintiff's complaint fails to provide any facts indicating that the State has collected or attempted to collect a debt. The bankruptcy court should not interfere with the legitimate exercise of rights accorded to state governments. Consequently, the Plaintiff's claim under § 358-C is dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons set out herein, the Court grants the Defendant's motion to dismiss the complaint (Ct. Doc. No. 24). This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

DATED this 2nd day of December, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge